TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | No. 92-1105 |
| of | : | |
|  | : | APRIL 20, 1993 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
|  | : | |
| ANTHONY S. Da VIGO | : | |
| Deputy Attorney General | : | |
|  | : | |

THE COMMISSION ON JUDICIAL PERFORMANCE has requested an opinion on the following question:

Does a former judge of a court of record in this state who was defeated in a judicial election and who retired or resigned prior to the expiration of his term, and who has received a certification from the Commission on Judicial Performance that no formal disciplinary proceeding was pending at the time of his retirement or resignation, have the power to administer oaths or affirmations?

CONCLUSION

A former judge of a court of record in this state who was defeated in a judicial election and who retired or resigned prior to the expiration of his term, and who has received a certification from the Commission on Judicial Performance that no formal disciplinary proceeding was pending at the time of his retirement or resignation, has the power to administer oaths or affirmations.

ANALYSIS

This opinion concerns the authority of former judges to administer and certify an oath or affirmation, other than in the context of an assignment to the bench under California Constitution, article VI, section 6.[1] Specifically, we are asked to consider the status of an incumbent judge who is defeated for reelection, and who retires or resigns prior to the expiration of his term. Is he eligible to administer oaths and affirmations? We conclude that he is.

---

[1]Section 6 of article VI of the Constitution allows the Chief Justice "to expedite judicial business and to equalize the work of judges" by assigning judges to other courts; "[a] retired judge who consents may be assigned to any court."

In 1986, the Legislature added subdivision (c) of section 2093 of the Code of Civil Procedure, as follows:

"A former judge or justice of a court of record in this state who retired or resigned from office, other than a judge or justice who was retired by the Supreme Court for disability, shall have the power to administer oaths or affirmations, if the former judge or justice requests and receives a certification from the Commission on Judicial Performance that there was no formal disciplinary proceeding pending at the time of retirement or resignation. Where no formal disciplinary proceeding was pending at the time of retirement or resignation, the Commission on Judicial Performance shall issue the certification."

By the same act (Stats. 1986, ch. 1418), the Legislature added the second paragraph of section 1225 of the Government Code.[2] Section 1225 provides as follows:

"Every executive and judicial officer and every member of the Legislature may administer and certify oaths.

"A former judge of a court of record in this state who retired or resigned from office, other than a judge who was retired by the Supreme Court for disability, shall be deemed a judicial officer for purposes of this section, if the former judge requests and receives a certification from the Commission of Judicial Performance that there was no formal disciplinary proceeding pending at the time of retirement or resignation. Where no formal disciplinary proceeding was pending a the time of retirement or resignation, the Commission on Judicial Performance shall issue the certification. . . ."

It has been suggested that the quoted statutes should be construed in a manner consistent with section 68549 and that under the latter statute, an incumbent judge who has been defeated for reelection may not be deemed a "retired judge." Section 68549 states:

"(a) A judge who has been defeated in an election for his or her office and who, before his term of office expires, elects to leave his or her accumulated contributions in the fund pursuant to Section 75033, or to receive benefits pursuant to Section 75033.5, shall not be deemed a retired judge within the meaning of Section 6 of Article VI of the California Constitution.

"(b) Except as provided in subdivision (a), any judge whose position is terminated by court annexation, merger, closure, or consolidation, or who retires or resigns from office, and who has a vested interest under a public employees' retirement system as a result of service as a judge, and who has been a member of the State Bar for at least five years or who has served as a judge of a court of record, shall be deemed a retired judge within the meaning of Section 6 of Article VI of the California Constitution."[3]

_____

[2]All references hereafter to the Government Code are by section number only.

[3]Section 75033 allows certain judges to leave their accumulated contributions in the judges' retirement fund when their service terminates "by means other than death, resignation, recall, impeachment, or retirement," and section 75033.5 specifies eligibility requirements and formulas

On the contrary, we are not at all constrained in our interpretation of the provisions initially set forth, by the specifications of the latter section. First, section 68549 is not in *pari materia* with the other two statutes. Section 68459 defines a "retired judge" specifically as that term is used "within the meaning of Section 6 of Article VI of the California Constitution." As previously indicated, the constitutional provision states in part: "A retired judge who consents may be assigned to any court." The provisions under consideration herein, on the other hand, are concerned solely with the power to administer an oath or affirmation, such as an oath of office.[4] Nothing in the legislative history of those enactments suggests otherwise.

Second, section 68549 does not in fact preclude a judge who has been defeated in an election from being deemed a retired judge unless the judge has exercised an option to defer retirement or to retire early under the terms of sections 75033 and 75033.5, respectively, as contained in the Judges Retirement Law. Thus, a judge who has been defeated in an election and who has not exercised such an option may nevertheless qualify under section 75025 for service retirement.

Third, subdivision (b) of section 68549, which includes within the stated definition of a retired judge "any judge . . . who retires or resigns from office, and who has a vested interest under a public employees' retirement system as a result of service as a judge," clearly includes judges who satisfy the prescribed criteria without regard to the results of any election, except only as provided in subdivision (a) of the statute.

Essentially, we find no basis for construing the plain import of the words which comprise the provisions in question. A judge who has been defeated for reelection and who thereupon retires or resigns his office is nevertheless a former judge "who retired or resigned from office" within the meaning of section 1225 and Code of Civil Procedure section 2093, subdivision (c). Accordingly, such an individual, upon requesting and receiving the requisite certification, is authorized to administer and certify oaths and affirmations.

\* \* \* \* \*

---

for calculating benefits for early retirement.

[4]Among the numerous persons who may administer oaths and affirmations are arbitrators in court ordered arbitrations (Code Civ. Proc., § 1141.19; Cal Rules of Court, rule 1614) and in non-judicial arbitrations (Code Civ. Proc., § 1282.8).